**Danielle M. TSIMBIDY-ROCHU,**
**Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZA-**
**TION SERVICE, Respondent.**

**Nos. 23071, 23660.**

United States Court of Appeals
Ninth Circuit.

Aug. 6, 1969.

Phelan, Simmons & Ungar, San Francisco, Cal., for petitioner.

Cecil F. Poole, U. S. Atty., David R. Urdan, Chief Asst. U. S. Atty., Stephen M. Suffin, I. N. S., San Francisco, Cal., John M. Mitchell, Atty. Gen. of U. S., Washington, D. C., for respondent.

Before HAMLEY and ELY, Circuit Judges, and SMITH *, District Judge.

PER CURIAM:

These consolidated appeals from an order of deportation and an order refusing to reconsider it raise three questions.

---

\* Honorable Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

1. Section 176.225 of Nevada Revised Statutes reads in part:
"1. Every defendant who:
(a) Has fulfilled the conditions of his probation for the entire period thereof; * * *
  *   *   *   *   *

The first, whether an order of deportation is a denial of due process, is answered adversely to petitioner in Harisiades v. Shaughnessy, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586 (1952).

The second, whether an order of deportation constitutes cruel and unusual punishment within the meaning of the Eighth Amendment, is answered adversely to petitioner by Burr v. Immigration and Naturalization Service, 350 F.2d 87 (9th Cir. 1965), and Soewapadji v. Wixon, 157 F.2d 289 (9th Cir. 1946), cert. denied 329 U.S. 792, 67 S.Ct. 369, 91 L. Ed. 678.

The third, whether after her conviction of illegal possession of marijuana was expunged [1] petitioner remained convicted of having in her possession a narcotic drug under 8 U.S.C. § 241(a) (11), is answered adversely to petitioner by Brownrigg v. United States Immigration and Naturalization Service, 356 F.2d 877 (9th Cir. 1966), and the cases there cited.

Judge Ely retains the view which he, dissenting, expressed in Kelly v. Immigration and Naturalization Service, 349 F.2d 473 (9th Cir. 1965), but he has authorized the statement that he, yielding to controlling precedent, concurs in this opinion.

The orders of the Board of Immigration Appeals are affirmed.

may at any time thereafter be permitted by the court to withdraw his plea of guilty or nolo contendere and enter a plea of not guilty; * * * and * * * the court shall thereupon dismiss the indictment or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted."