**Alberto URIBE–TEMBLADOR,**
**Appellant-Petitioner,**

v.

**George K. ROSENBERG, District Director, Immigration and Naturalization Service of the United States Department of Justice, Appellee-Respondent.**

**No. 24407.**

United States Court of Appeals,
Ninth Circuit.

Feb. 5, 1970.

A. D. Cohen (argued), Hiram W. Kwan, Los Angeles, Cal., for appellant-petitioner.

James Stotter (argued), Asst. U. S. Atty., Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., Stephen M. Suffin, Atty., Immigration and Naturalization Service, San Francisco, Cal., Joseph Sureck, Regional Counsel, I.N.S., San Pedro, Cal., John N. Mitchell, Atty. Gen. of United States, Washington, D. C., for appellee-respondent.

Before CHAMBERS and ELY, Circuit Judges, and FERGUSON,* District Judge.

PER CURIAM.

The deportation decision brought here for review is affirmed. In our review of the record, we find no error.

■ Petitioner was born in Mexico. His mother was an American citizen who left this country for Mexico when she was five years old. His father was a citizen of Mexico. Intermittently the mother was in and out of the United States. Petitioner's road to citizenship would be open if the mother had had five out of ten years residence in the United States after she reached 16 years of age.

■ To give petitioner any relief, we would have to find Section 201(g) of the Nationality Act (54 Stat. 1137, as amended 80 Stat. 1332, 8 U.S.C. § 1401) unconstitutional. This we decline to do.

---

* The Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

The argument for unconstitutionality has to be that others in only slightly different circumstances are held to be citizens. But in drawing lines, they must be drawn somewhere. And, we cannot say the classifications are so unreasonable as to violate due process in the terms of a statute, assuming that petitioner is entitled thereto.

Petitioner does present a very appealing case. We do express the hope that administratively or legislatively he may somehow gain proper admittance notwithstanding his futile attempt to overstay his temporary admission into this country, unless someone knows something about him that we don't know.