Santos **GONZALEZ de LARA**, Petitioner-Appellant,

v.

**UNITED STATES** of America et al., Respondent-Appellee.

No. 27190.

United States Court of Appeals, Fifth Circuit.

March 10, 1971.

Wellington Y. Chew, Tom Niland, El Paso, Tex., for petitioner-appellant.

Seagal V. Wheatley, U. S. Atty., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., Ray Caballero, Atty., U. S. Dept. of Justice, Tax Div., Crim. Section, Washington, D. C., for respondent-appellee.

Before WISDOM, THORNBERRY and DYER, Circuit Judges.

THORNBERRY, Circuit Judge:

Santos Gonzalez de Lara, petitioner-appellant, was born in Mexico on November 1, 1945, the son of a Mexican national father and an American citizen mother. He was admitted to the United States on December 2, 1960, as a resident alien. On March 14, 1968, he was convicted in a Texas district court for unlawful possession of marijuana and placed on probation. When petitioner had satisfactorily complied with the con-

ditions of his probation, the state court, pursuant to petitioner's motion under section 7 of the Texas Adult Probation and Parole Law,[1] set aside the verdict of conviction. Following a hearing before a Special Inquiry Officer of the Immigration and Naturalization Service petitioner was ordered deported from the United States under section 241(a) (11) of the Immigration and Nationality Act.[2] After the order was affirmed by the Board of Immigration Appeals, petitioner filed a petition for writ of habeas corpus, wherein he contended that the deportation order was invalid for two reasons: (1) He is not an alien but a citizen of the United States; and (2) his conviction, which was subsequently set aside by the state court, does not constitute a final conviction upon which a valid deportation order may be predicated. From the district court's denial of the petition, Gonzalez de Lara takes this appeal. We affirm.

 Appellant's first contention, that he is a United States citizen, is without merit. His mother, who left this country prior to her twelfth birthday and remained absent from it for twenty-six years, clearly did not fulfill the statutory residency requirement that would have entitled appellant to claim United States citizenship by birth.[3] Appellant, however, suggests that the residency requirement is onerous and invites us to declare it unconstitutional,[4] an offer we must refuse. Congress unquestionably possesses the authority to create standards for the attainment of United States citizenship by foreign-born persons.[5] The standards here challenged, which were promulgated under that authority, are neither arbitrary nor unreasonable and are not susceptible to successful attack on constitutional grounds.[6]

 Appellant's remaining argument is that he is not deportable under 8 U.

1. Tex.Code Crim.Proc.Ann. art. 42.12 (1966). See note 8 infra.

2. 8 U.S.C. § 1251(a) (11). *See* note 7 *infra*.

3. Section 201(g) of the Nationality Act of 1940, 54 Stat. 1137, which appellant attacks as unconstitutional, provided in pertinent part: "The following shall be nationals and citizens of the United States at birth: * * * (g) A person born outside the United States and its outlying possessions of parents one of whom is a citizen of the United States who, prior to the birth of such person, has had ten years residence in the United States or one of its outlying possessions, at least five of which were after obtaining the age of sixteen years, the other being an alien * * *".

 Section 201(g) was repealed by section 403(a) (42) of Act of Congress on June 27, 1952, which provides in pertinent part: "(a) The following shall be nationals and citizens of the United States at birth: * * * (7) a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person,

was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after obtaining the age of fourteen years * * *." 8 U.S.C. § 1401(a) (7).

4. In support of his contention appellant cites Afroyim v. Rusk, 387 U.S. 253, 87 S.Ct. 1660, 18 L.Ed.2d 757 (1967); Schneider v. Rusk, 377 U.S. 163, 84 S.Ct. 1187, 12 L.Ed.2d 218 (1964); and Bellei v. Rusk, 296 F.Supp. 1247 (D.D.C.1969). These cases are directed toward the question whether Congress can enact, consistently with the Fifth and Fourteenth Amendments, a law stripping United States citizenship from one who has not voluntarily renounced it. The principles therein enunciated are not determinative of the instant controversy, which centers around the initial attainment of United States citizenship.

5. *See* U.S.Const. art. I, § 8; U.S.Const. amend. XIV, § 1; United States v. Wong Kim. Ark, 169 U.S. 649, 688, 18 S.Ct. 456, 472, 42 L.Ed. 890 (1898).

6. The Ninth Circuit has recently held constitutional the statute in question. Uribe-Temblador v. Rosenberg, 9th Cir. 1970, 423 F.2d 717.

S.C. § 1251(a) (11)[7] because he has not been finally convicted of the marijuana offense upon which the deportation order is predicated. This allegation is premised on the theory that a motion under section 7 of the Texas Adult Probation and Parole Law,[8] when granted, serves to expunge or erase the conviction. We join the Ninth Circuit, which has faced the same argument in construing a California statute similar to the one in question,[9] in rejecting the expungement rationale. First, it is by no means clear that the effect of a motion to set aside the verdict, when granted, is to erase the conviction completely. We note, for example, that section 7 specifically provides that after the court has granted the motion to set aside the verdict, the party " * * * shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted * * *, except that proof of his said conviction * * * shall be made known to the court should the defendant again be convicted of any criminal offense." Rather than a statute that completely erases the conviction, we believe the provision in controversy is accurately characterized as one that rewards a convicted party for good behavior during probation by releasing him from certain penalties and disabilities otherwise imposed upon convicted persons by Texas law. Secondly, we believe that the sanctions of 8 U.S.C. § 1251(a) (11) are triggered by the fact of the state conviction. The manner in which Texas chooses to deal with a party subsequent to his conviction is simply not of controlling importance insofar as a deportation proceeding—a function of federal, not state, law—is concerned. We agree with the Ninth Circuit that "[i]t would defeat the purpose * * * [of federal law] if provisions of local law, dealing with rehabilitation of convicted persons,

7. "Any alien in the United States * * * shall upon the order of the Attorney General, be deported who * * *
 (11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at anytime has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana, or who has been convicted of a violation of, or a conspiracy to violate, any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of opium, coca leaves, heroin, marihuana, any salt derivative or preparation of opium or coca leaves or isonipecaine or any addiction-forming or addiction-sustaining opiate; * * *."

8. "Sec. 7. At any time, after the defendant has satisfactorily completed one-third of the original probationary period or two years of probation, whichever is the lesser, the period of probation may be reduced or terminated by the court. Upon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the defendant. In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere, and the court has discharged the defendant hereunder, such court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense."

9. See Dunn-Marin v. District Director of United States Immigration and Naturalization Service, 9th Cir. 1970, 426 F.2d 894, 895; de la Cruz-Martinez v. Immigration and Naturalization Service, 9th Cir. 1968, 404 F.2d 1198; Kelly v. Immigration and Naturalization Service, 9th Cir. 1965, 349 F.2d 473; and Garcia-Gonzales v. Immigration and Naturalization Service, 9th Cir. 1965, 344 F.2d 804.

could remove them from the ambit of [federal penal enactments] * * * We do not think Congress intended such a result." [10]

For the foregoing reasons we affirm Affirmed.

10. de la Cruz-Martinez v. Immigration and Naturalization Service, 9th Cir. 1968, 404

F.2d 1198, quoting from Reyes v. United States, 9th Cir. 1958, 258 F.2d 774.