440 F.2d 368
 UNITED STATES of America, Plaintiff-Appellee,
v.
Guadalupe TREVINO GARCIA, and Roberto Trevino Garcia,
Defendants-Appellants.
No. 30745 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 431 F.2d 409, Part
I (5th Cir. 1970).
 United States Court of Appeals, Fifth Circuit.
 March 26, 1971, Rehearing Denied April 14, 1971.
 
 Thomas G. Sharpe, Jr., Brownsville, Tex. (court-appointed), for Guadalupe Garcia.
 Emilio Crixell, Brownsville, tex. (court-appointed), for Roberto Garcia.
 Anthony J. P. Farris, U.S. Atty., Houston, Tex., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 In order to vitiate their conviction for illegally entering the United States after previous deportation under 8 U.S.C.A. 1326 (1970), appellants assert on this appeal that they are citizens of the United States. Appellants' mother, a citizen of the United States, moved to Mexico with her parents at age nineteen and subsequently married a Mexican national. Appellants were thereafter born in Mexico and have now attained the ages of twenty-one and twenty-seven.
 
 
 2
 It is undisputed that appellants cannot meet the requirements of citizenship as set out in the Nationality Act of 1940, 201 (now 8 U.S.C.A. 1401 (1970)). They assert, however, that 201(g)(i) (now8 U.S.C.A. 1401(a)(7)) is unconstitutional since it does not discriminate between those who voluntarily leave the United States and those who leave involuntarily. This contention cannot be sustained. The Congress in defining citizenship has gone considerably beyond the express provisions of the Constitution. The Constitution does not mention the citizenship status of persons born outside the United States. See U.S.Const. Amend. XIV, 1. Thus the Congress has a completely free hand in defining citizenship as it relates to persons born abroad. See Gonzalez deLara v. United States, 439 F.2d 1316 (5th Cir. 1971); Uribe-Temblador v. Rosenberg, 423 F.2d 717 (9th Cir. 1970).
 
 Appellants' conviction, therefore, must be
 
 3
 Affirmed.