**Roberto GUTIERREZ–RUBIO, Petitioner,**

**v.**

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 71–1831

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 13, 1972.

Glen Sutherland, El Paso, Tex., for petitioner.

John N. Mitchell, Atty. Gen. of U. S., Dept. of Justice, Washington, D. C., Troy A. Adams, Jr., District Director, INS., New Orleans, La., Ralph E. Harris, Asst. U. S. Atty., District Director, Immigration & Nat. Service, El Paso, Tex., William S. Sessions, U. S. Atty., San Antonio, Tex., for respondent.

---

*  Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

William E. Weinert, Trial Atty., Immigration and Naturalization Service, of counsel.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Roberto Gutierrez-Rubio, an alien, was convicted of violating the Texas firearms statute by having in his possession a weapon which could be fired both automatically and semi-automatically. Such a conviction is a ground for deportation.[1] Deportation proceedings were begun but before completion, appellant was granted relief under the Texas Adult Probation and Parole Law[2] which serves to relieve a probationer of the penalties and disabilities resulting from his conviction. The Special Inquiry Office of the Immigration and Naturalization Service ordered that the deportation proceedings be terminated on the ground that the Texas statute effectively expunged the conviction upon which the deportation charge was based. A majority of the Board of Immigration Appeals reversed the order of the immigration officer, and held that the finality of the conviction had not been vitiated for deportation purposes. This appeal is from the Board's decision. We affirm.

This appeal raises the identical issue presented to this court in Gonzalez de Lara v. United States.[3] In de Lara we rejected the contention that the Texas statute so erased or expunged a conviction for unlawful possession of marijuana that it was eliminated as a ground for deportation. Rubio suggests that de Lara should be limited to narcotics violations.

Although there is some authority for such a result,[4] we based our decision in de Lara upon principles of federalism which are in no way bounded by the nature of the offense involved.

The manner in which Texas chooses to deal with a party subsequent to his conviction is simply not of controlling importance insofar as a deportation proceeding—a function of federal, not state, law—is concerned.[5]

Gutierrez-Rubio's conviction for a violation of the Texas firearms statute was a valid ground for the deportation order notwithstanding the Texas statute.

Affirmed.

1. 8 U.S.C.A. § 1251(a) (14). In pertinent part the statute provides for the deportation of any alien in the United States who:

"at any time after entry, shall have been convicted of possessing or carrying in violation of any law any weapon which shoots or is designed to shoot automatically or semi-automatically more than one shot without manual reloading, by a single function of the trigger, or a weapon commonly called a sawed-off shotgun;"

2. Vernon's Ann.Texas Code Crim.Proced. Ann. art. 42.12 § 7 (1966).

3. 439 F.2d 1316 (5th Cir. 1971).

4. See Garcia-Gonzales v. Immigration & Naturalization Service, 344 F.2d 804, 808–810 (9th Cir. 1965). But see de la Cruz-Martinez v. Immigration & Naturalization Service, 404 F.2d 1198, 1200 (9th Cir. 1968), cert. denied, 394 U.S. 955, 89 S.Ct. 1291, 22 L.Ed.2d 491 (1969).

5. 439 F.2d at 1318.