Manzoor H. QURESHI, Petitioner,

v.

IMMIGRATION & NATURALIZATION SERVICE OF the DEPARTMENT OF JUSTICE OF the UNITED STATES, Respondent.

No. 74–3946
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 29, 1975.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Chandler R. Bridges, Decatur, Ga., for petitioner.

Edward H. Levi, U. S. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., John W. Stokes, Jr., U. S. Atty., Fred P. McCleskey, Dist. Director, Immig. & Nat., Atlanta, Ga., Troy A. Adams, Jr., Dist. Director, Immig. & Nat., New Orleans, La., John L. Murphy, Chief, Rex Young, Atty., Dept. of Justice, Gov. Reg. Sec. Crim. Div., Washington, D. C., for respondent.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

GEE, Circuit Judge:

Manzoor H. Qureshi, an alien, seeks review of a deportation order issued by the Immigration and Naturalization Service and a grant of lawful permanent resident status on grounds that in deporting him the Service relied impermissibly on a conviction based on a nolo contendere plea and that 8 U.S.C. § 1151(b) unconstitutionally discriminates against United States citizens who are minors. We disagree with his contentions.

8 U.S.C. § 1251(a)(5) declares an alien deportable if he has been *convicted* under 18 U.S.C. § 1546. In pertinent part that statute provides:

> Whoever knowingly makes under oath any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document containing any such false statement—

> Shall be fined not more than $2,000 or imprisoned not more than five years, or both.

Qureshi was convicted of violating § 1546, and his deportation is based on this conviction.

Qureshi argues, however, that since his conviction resulted from a nolo contendere plea it cannot occasion deportation, citing *Piassick v. United States*, 253 F.2d 658 (5th Cir. 1958) and *Mickler v. Fahs*, 243 F.2d 515 (5th Cir. 1957). These cases set forth the rule of our circuit that a conviction based on a nolo plea may not be used as evidence of guilt or for impeachment purposes in any proceeding but that in which the plea is entered. *United States v. Ward*, 481 F.2d 185, 186 (5th Cir. 1973). But this is a rule of evidence. As we explained in *Piassick*, "Nolo contendere means, 'I do not contest it.' It is, to be sure, a tacit confession of guilt, but solely for the purpose of the case in which it is entered."[1] A plea of guilty, to the contrary, is an explicit and general admission.

The question presented here is, of course, not one of evidence but of what Congress meant when it said "convicted" in 8 U.S.C. § 1251(a)(5). We conclude that what it meant is the fact of convic-

---

1. *Piassick v. United States*, 253 F.2d 658, 661 (5th Cir. 1958).

tion. The statute so states, in plain words; and we have so held in another context, that of whether a conviction set aside under a state law after satisfaction of conditions of probation remains nevertheless a ground for deportation: "[W]e believe that the sanctions of 8 U.S.C. § 1251(a)(11) are triggered by *the fact of the state conviction.* The manner in which Texas chooses to deal with a party subsequent to his conviction is simply not of controlling importance insofar as a deportation proceeding—a function of federal, not state, law—is concerned." *Gonzalez de Lara v. United States,* 439 F.2d 1316, 1318 (5th Cir. 1971) (emphasis added).[2] *Accord Tsimbidy-Rochu v. Immigration and Naturalization Service,* 414 F.2d 797 (9th Cir. 1969).

As in *Gonzalez de Lara,* it is the *fact* of conviction that is of moment here, not the collateral evidentiary uses of whatever plea may have resulted in it. The federal statute, 8 U.S.C. § 1251(a)(5), attaches deportable status as a consequence to conviction. Its language encourages no inquiry into how—only into whether—one was convicted. In this context, the rule of evidence laid down in *Piassick* and *Mickler* cuts no figure. Petitioner is bound to accept the legal consequences of his conviction. Both the Second[3] and Ninth[4] Circuits have reached the same result in deportation cases. *Cf. Sokoloff v. Saxbe,* 501 F.2d 571, 574–5 (2d Cir. 1974) (use of conviction entered after nolo plea as grounds to revoke certificate of registration to dispense certain drugs; statute required "conviction") and cases cited therein.

 Bound as we are by this court's decision in *Perdido v. Immigration and*

*Naturalization Service,* 420 F.2d 1179 (5th Cir. 1969), we reject petitioner's constitutional claim as well.

Affirmed.

---

2. Although *Gonzalez de Lara* involved the section of the statute dealing with narcotics convictions, the holding of the case is not limited to such convictions. *Gutierrez-Rubio v. Immigration and Naturalization Service,* 453 F.2d 1243 (5th Cir.), *cert. denied,* 408 U.S. 926, 92 S.Ct. 2506, 33 L.Ed.2d 337 (1972).

3. *United States ex rel. Bruno v. Reimer,* 98 F.2d 92 (2d Cir. 1938).

4. *Ruis-Rubio v. Immigration and Naturalization Service,* 380 F.2d 29 (9th Cir.), *cert. denied,* 389 U.S. 944, 88 S.Ct. 302, 19 L.Ed.2d 302 (1967).

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.