**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gilbert G. PADIA, Defendant-Appellant.**

No. 78–5221
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 15, 1978.

Celso C. Rodriguez, Juan P. Gonzalez, Corpus Christi, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

AINSWORTH, Circuit Judge:

Gilbert Padia appeals his conviction under 18 U.S.C. §§ 922(h) and 924 [1] after trial before the district court (jury trial having been waived), on a charge of receiving firearms that had been shipped in interstate commerce while being a convicted felon. Padia contends that the district court erred in failing to hold that defendant was not a convicted felon when he received the weapons involved in this case. We reject that assertion and affirm his conviction.

On August 26, 1977, Padia sold two rifles that had been stolen approximately six days earlier to an undercover officer of the Nueces County, Texas Sheriff's Office, who then turned the arms over to a Treasury

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. Under 18 U.S.C. § 922(h), it is unlawful for any person "who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

Section 924 provides that "[w]hoever violates any provision of this chapter . . . shall be fined not more than $5,000, or imprisoned not more than five years, or both, and shall become eligible for parole as the Board of Parole shall determine." Padia was sentenced to four years in prison.

Department agent. At trial, the parties stipulated that on January 8, 1976 Padia had been convicted in Texas court of assaulting a police officer, a felony. However, Padia argued that the Texas court, acting under the state's adult probation law, Tex.Crim.Code Ann. Art. 42.12, §§ 3, 7,[2] subsequently expunged the conviction: first, by placing him on probation for three years, and then, on May 2, 1977, by reducing and terminating the probation, setting aside the guilty verdict and dismissing the assault indictment.

Contrary to Padia's assertions, however, the Texas court's actions do not alter his status as a convicted felon under federal gun control laws. 18 U.S.C. § 922(h). This court has had prior occasion to consider the nature of Texas' adult probation law and has rejected the argument that it "serves to expunge or erase the conviction." *Gonzalez de Lara v. United States,* 5 Cir., 1971, 439 F.2d 1316, 1318; *Gutierrez-Rubio v. Immigration & Naturalization Service,* 5 Cir., 1972, 453 F.2d 1243, 1244, *cert. denied,* 408 U.S. 926, 92 S.Ct. 2506, 33 L.Ed.2d 337 (1972); *see Qureshi v. Immigration & Naturalization Service,* 5 Cir., 1975, 519 F.2d 1174, 1176; *United States v. Driscoll,* 5 Cir., 1972, 454 F.2d 792, 799. "Rather than a statute that completely erases the conviction . . . the provision . . . is accurately characterized as one that rewards a convicted party for good behavior during probation by releasing him from cer-

tain penalties and disabilities otherwise imposed upon convicted persons by Texas law." *Gonzalez de Lara v. United States, supra,* 439 F.2d at 1318.

Moreover, we have repeatedly explained that "[t]he manner in which a Texas court chooses to deal with a party subsequent to his conviction is simply not of controlling importance" where, as here, "a function of federal, not state law . . . is concerned." *Id.; Qureshi v. Immigration & Naturalization Service, supra,* 519 F.2d at 1176; *United States v. Driscoll, supra,* 454 F.2d at 799; *Gutierrez-Rubio v. Immigration & Naturalization Service, supra,* 453 F.2d at 1244. We agree with the district court that Padia was a convicted felon for purposes of 18 U.S.C. § 922(h) and accordingly that the defendant was guilty of the charge asserted in the indictment. We therefore affirm his conviction.

AFFIRMED.

---

2. Art. 42.12, § 3 of the Texas Code of Criminal Procedure provides in part that

The judges of the courts of the State of Texas having original jurisdiction of criminal actions . . . shall have the power, after conviction or a plea of guilty for any crime or offense, where the maximum punishment assessed against the defendant does not exceed ten years imprisonment, to suspend the imposition of the sentence and may place the defendant on probation or impose a fine applicable to the offense committed and also place the defendant on probation as hereinafter provided. . . .

According to Art. 42.12, § 7,

At any time, after the defendant has satisfactorily completed one-third of the original probationary period . . . the period of probation may be reduced or terminated by

the court. Upon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, . . . shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the defendant. In case the defendant has been convicted . . . and the court has discharged the defendant hereunder, such court may set aside the verdict . . . and shall dismiss the . . . indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted . . . except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense.