**Ali YAZDCHI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 89–4078
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 25, 1989.

Peter D. Williamson, Houston, Tex., for petitioner.

Richard Thornburgh, Atty. Gen., Alice M. Smith, Richard Evans, Robert L. Bombough, Civ. Div., Washington, D.C., for respondent.

John B.Z. Caplinger, Dist. Director, I.N.S., New Orleans, La., and Ronald G.

Parra, Director, Houston, Tex., for other interested parties.

Before GEE, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Yazdchi, ordered to be deported because of convictions for two petty property crimes involving moral turpitude, appeals. His point for reversal is that these convictions were entered on pleas of nolo contendere, citing to us such authorities as *United States v. Morrow*, 537 F.2d 120 (5th Cir.1976). *Morrow* holds that a plea of nolo contendere, being a mere statement of unwillingness to contest a charge, is not an admission for impeachment purposes or to show knowledge or intent as is a guilty plea.

This is nothing to our present purposes, however. These regard the *fact* of convictions, not the manner in which they were arrived at. 8 U.S.C. § 1251(a)(4). For Yazdchi's point to be valid, it would be necessary for us to determine that a conviction on such a plea is not a conviction at all. That is not so. *Qureshi v. INS*, 519 F.2d 1174 (5th Cir.1975). *See, also, Noell v. Bensinger*, 586 F.2d 554 (5th Cir.1978).

Yazdchi adds a complaint that in ruling as they did the immigration authorities disregarded the Texas statute on the effect of a nolo plea. That statute, Article 27.02(5), Texas Code of Criminal Procedure, provides in part that:

> The legal effect of plea of nolo contendere shall be the same as that of a plea of guilty, but the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based; ....

Nor does this avail him. As *Qureshi* observes, the consequences which a state chooses to attach to a conviction in its courts for purposes of its own law are for it to say; but they cannot control the consequences to be given it in a deportation proceeding—a function of federal law. *Qureshi,* 519 at 1176. Nor is such a proceeding one "based upon or growing out of the act upon which the criminal prosecution is based; ...."

AFFIRMED.