# Matter of Ali Mohamed MOHAMED, Respondent

*Decided September 5, 2017*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Entry into a pretrial intervention agreement under Texas law qualifies as a "conviction" for immigration purposes under section 101(a)(48)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(48)(A) (2012), where (1) a respondent admits sufficient facts to warrant a finding of guilt at the time of his entry into the agreement, and (2) a judge authorizes an agreement ordering the respondent to participate in a pretrial intervention program, under which he is required to complete community supervision and community service, pay fees and restitution, and comply with a no-contact order.

FOR RESPONDENT: Christine D. Truong, Esquire, Houston, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY: April Silva, Assistant Chief Counsel

BEFORE: Board Panel: GRANT, PAULEY, and MANN, Board Members.

GRANT, Board Member:

In a decision dated November 14, 2016, an Immigration Judge terminated the proceedings, holding that the respondent is not removable because his pretrial intervention agreement pursuant to section 76.011 of the Texas Government Code and article 102.012 of the Texas Code of Criminal Procedure is not a "conviction" within the meaning of section 101(a)(48)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(48)(A) (2012). The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained, the removal proceedings will be reinstated, and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Somalia who was admitted to the United States as a lawful permanent resident on December 1, 2004. He was indicted on October 31, 2012, for possession of a controlled substance with intent to deliver in violation of section 481.113(c) of the Texas Health and Safety Code. On February 19, 2016, the respondent entered into a pretrial intervention agreement, which included the following terms: (1) 24 months of community supervision; (2) $60 per month community

supervision fee; (3) 100 hours of community service; (4) restitution in the amount of $140; (5) $500 pretrial intervention program fee; and (6) no contact with the co-defendant.

In addition to these terms, the respondent agreed to waive his right to a speedy trial. He also agreed that if he violated the terms of the agreement during the 24-month period of community supervision, he would appear in court; enter a plea of guilty to the charged offense; allow the "stipulation of evidence" to be admitted into evidence without objection;[1] and either accept the punishment offered by the prosecution or allow the judge to determine punishment following a contested punishment hearing. Under the State's portion of the agreement, the prosecution agreed to "dismiss this case" if the respondent "follow[ed] the terms of this agreement and the rules of community supervision."

During the 24-month community supervision period, the respondent was required to follow numerous rules mandated by the county Community Supervision and Corrections Department ("CSCD").[2] Among other things, these rules required the respondent to cooperate and maintain contact with his Community Supervision Officer. He was subject to random searches of his "person, home, and . . . possessions" and had to submit to random urine analysis and obtain prior permission to change his address or leave the county

---

[1]  The "stipulation of evidence," which was incorporated into the pretrial intervention agreement, contains the following sworn admission, in pertinent part:

>   I, ALI MOHAMED MOHAMED, hereby swear, under oath, that I am completely familiar with the indictment/charge in the above referenced cause number, if any, which is currently pending against me. I understand that I am charged with POSS CS PG 2 >= 400G W/INTENT TO DELIVER. . . . I have read the charging instrument and my attorney has explained it to me and I committed each and every element alleged and have no defense in law. I swear, under oath, that I am guilty of the offense set out therein and all lesser included offenses charged against me.

The stipulation of evidence was sworn to by the respondent before the Deputy District Clerk of Liberty County, Texas. Below his signature, the criminal defense attorney, the prosecutor, and the presiding judge signed a certification verifying that all of the respondent's statements were freely and voluntarily made.

[2]  Section 76.011(a)(1) of the Texas Government Code provides that a CSCD may operate programs for "the supervision and rehabilitation of persons in pretrial intervention programs." The Texas Government Code does not further define the pretrial intervention programs other than to provide in section 76.011(b) that they "may include reasonable conditions related to the purpose of the program, including testing for controlled substances," and in section 76.011(c) that program participants "may be supervised for a period not to exceed two years." For our purposes, it suffices to recognize these programs as a form of noncustodial correctional supervision.

"for an overnight stay." The presiding judge expressly authorized the respondent's participation in the pretrial intervention program and ordered him to pay "all fees specified" in the rules of community supervision.

In summary, the respondent's criminal record consists of the October 31, 2012, indictment and the February 19, 2016, pretrial intervention agreement, which is comprised of the agreement itself, the rules of community supervision (the pretrial intervention program), and the stipulation of evidence.

After the initiation of the removal proceedings, the respondent conceded alienage but denied that he is removable based on the charge that he has been convicted of a crime. The respondent moved for termination, arguing that his entry into the pretrial intervention agreement is distinguishable from a deferred adjudication and is not a "conviction" under section 101(a)(48)(A) of the Act.[3]

The Immigration Judge granted the respondent's motion, concluding that a pretrial intervention agreement is not a "conviction" for immigration purposes because no "adjudication of guilt has been withheld," as required for a conviction under section 101(a)(48)(A) when a formal judgment of guilt has not been entered. In reaching this conclusion, the Immigration Judge distinguished the respondent's pretrial intervention agreement from a deferred adjudication under article 42.12, section 5 of the Texas Code of Criminal Procedure, which both we and the United States Court of Appeals for the Fifth Circuit, in whose jurisdiction this case arises, have held qualifies as a "conviction" for immigration purposes. *Madriz-Alvarado v. Ashcroft*, 383 F.3d 321 (5th Cir. 2004); *Matter of Punu*, 22 I&N Dec. 224 (BIA 1998).

First, the Immigration Judge noted that a pretrial intervention agreement, which provides for dismissal of the criminal charges before the defendant enters a formal plea or the judge makes a formal finding of guilt, differs from a deferred adjudication under Texas law, which requires a plea of guilty or nolo contendere, as well as a judicial finding that the evidence substantiates the defendant's guilt. He therefore concluded that since an adjudication of guilt is not entered on the record in a pretrial intervention agreement, it is not "withheld" for purposes of section 101(a)(48)(A) of the Act. In addition, the Immigration Judge determined that the fees and costs imposed on a

---

3  Section 101(a)(48)(A) of the Act provides that the term "conviction" means:

> a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—
>     (i)  a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
>     (ii)  the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

participant in the pretrial intervention program do not constitute a "form of punishment, penalty, or restraint on the alien's liberty" that is "ordered" by a judge, as required by section 101(a)(48)(A)(ii) of the Act.

In finding that a pretrial intervention agreement is not a conviction for immigration purposes, the Immigration Judge accorded significant weight to two opinions issued by the Attorney General of Texas. In a 2013 opinion, the Attorney General explained that "the purpose of pretrial intervention is to provide the defendant with an opportunity to have the charges dismissed prior to a finding of guilt or innocence." Op. Tex. Att'y Gen. GA-0986, at 2 (Feb. 5, 2013) (citing *Fisher v. State*, 832 S.W.2d 641, 643 (Tex. Ct. App. 1992)). The Immigration Judge understood this to mean that a guilty plea is not required for entry into a pretrial intervention agreement and noted that such a requirement would be, as the Attorney General stated, "inconsistent with the purposes of pretrial intervention." *Id.*

In a 2003 opinion, the Attorney General stated that a "participant in a pretrial intervention program has not been ordered to receive services by a court but rather receives services under an agreement with a prosecutor." Op. Tex. Att'y Gen. GA-0114, at 4 (Oct. 8, 2003). The Immigration Judge recognized that article 102.012 of the Texas Code of Criminal Procedure, which authorizes the imposition of pretrial intervention program fees and reimbursement for expenses, was amended in 2005 to require that the court with jurisdiction over the pretrial intervention agreement, rather than the CSCD, order the payment of the fees.[4] However, he deemed this amendment to be "merely administrative" and determined that the program fees ordered by the judge are "the same as those agreed upon between the prosecutor and the defendant." In other words, the Immigration Judge concluded that the fees were part of a contract between the respondent and the prosecutor, rather than a penalty "ordered" by the judge.

Finding that the Texas pretrial intervention program does not fall within the statutory requirements of section 101(a)(48)(A) of the Act, the Immigration Judge concluded that the respondent's entry into the pretrial intervention agreement is not a "conviction" for immigration purposes. He therefore determined that that the DHS did not establish the respondent's removability and terminated the proceedings.

---

[4] Article 102.012(a) of the Texas Code of Criminal Procedure provides that the court may order the payment of a "supervision fee" to the CSCD as a condition for entry into the program. Article 102.012(b) states that "[i]n addition to or in lieu of the supervision fee . . . , the court may order the defendant to pay or reimburse" the CSCD for any expenses "incurred as a result of" the program or "necessary to the defendant's successful completion of the program." Prior to its amendment in 2005, article 102.012 provided that a program participant could be assessed a fee for supervision of the defendant that was equal to the actual cost to the CSCD, but not to exceed $500.

## II.  ANALYSIS

The question presented on appeal is whether the respondent's entry into a pretrial intervention agreement under Texas law qualifies as a conviction for immigration purposes.  We review this question of law de novo and conclude that it does.  8 C.F.R. § 1003.1(d)(3)(ii) (2017).

We note first that "whether or not a conviction exists for immigration purposes is a question of federal law and is not dependent on the vagaries of state law."  *Matter of Roldan*, 22 I&N Dec. 512, 516 (BIA 1999) (citing *Matter of Ozkok*, 19 I&N Dec. 546, 551 n.6 (BIA 1988)), *vacated in part sub nom. Lujan-Armendariz v. INS*, 222 F.3d 728 (9th Cir. 2000), *overruled by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011) (en banc); *see also Franklin v. INS*, 72 F.3d 571, 572 (8th Cir. 1995); *Gutierrez-Rubio v. INS*, 453 F.2d 1243, 1244 (5th Cir. 1972); *Gonzalez de Lara v. United States*, 439 F.2d 1316, 1318 (5th Cir. 1971).  If Congress intended the existence of a conviction to depend upon the operation of State law, it would have written the Federal law to that effect.[5]  *See Matter of Roldan*, 22 I&N Dec. at 522 ("[W]hen Congress has intended for state law to control in defining when a conviction exists for a federal purpose, it has expressly said so.").  Therefore, the question is not whether the State of Texas regards a pretrial intervention agreement as a conviction, but rather whether the agreement meets the Federal definition of a "conviction" in section 101(a)(48)(A) of the Act.

Because the term "conviction" is defined by the Act, the statutory definition alone determines what qualifies as a conviction for immigration purposes.  *See Burgess v. United States*, 553 U.S. 124, 129−30 (2008); *United States v. Transocean Deepwater Drilling, Inc.*, 767 F.3d 485, 490 (5th Cir. 2014); *Negrete-Ramirez v. Holder*, 741 F.3d 1047, 1053 (9th Cir. 2014).  Under section 101(a)(48)(A), a conviction can arise, first, from "a formal judgment of guilt of the alien entered by a court."  It is undisputed that the respondent has not been convicted in this sense of the term.

The question remains whether the respondent has been convicted because the "adjudication of guilt has been withheld."  To establish that an alien has been convicted in this sense, it must first be shown that "a judge or jury has found the alien guilty *or* the alien has entered a plea of guilty or nolo contendere *or* has admitted sufficient facts to warrant a finding of guilt."

---

[5]  For example, according to 18 U.S.C. § 921(a)(20) (2012), "[w]hat constitutes a conviction" for purposes of defining a Federal firearms felony is "determined in accordance with the law of the jurisdiction in which the proceedings were held."  Therefore, in *United States v. Clarke*, 822 F.3d 1213, 1214 (11th Cir. 2016), the Eleventh Circuit looked to Florida law to determine whether the defendant's prior withheld adjudication of guilt in Florida qualified as a "conviction" for purposes of a Federal charge of unlawful possession of a firearm by a felon under 18 U.S.C. § 922(g)(1) (2012).

Section 101(a)(48)(A)(i) of the Act (emphases added). Next, it must be demonstrated that "the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." Section 101(a)(48)(A)(ii) of the Act. We conclude that the respondent's admission of guilt in the stipulation of evidence satisfies the first requirement, and his entry into the pretrial intervention program satisfies the second.

Under the plain language of section 101(a)(48)(A), neither a finding of guilt by a judge or jury, nor a plea of guilty or nolo contendere is required to establish a conviction. Rather, the definition is satisfied so long as the alien "has admitted sufficient facts to warrant a finding of guilt." *See Matter of Richmond*, 26 I&N Dec. 779, 787 (BIA 2016) (attributing different meanings to terms connected in the disjunctive in the Act); *see also Loughrin v. United States*, 134 S. Ct. 2384, 2390 (2014).

The respondent's sworn admission of guilt brings the pretrial intervention agreement within the definition of a conviction in section 101(a)(48)(A)(i) of the Act. After he was sworn and placed under oath, the respondent admitted in the stipulation of evidence that he "committed each and every element alleged and ha[d] no defense in law." He further admitted that he is "guilty of the offense set out [in the indictment] and all lesser included offenses charged against [him]." Moreover, he agreed that any violation of the pretrial intervention agreement would automatically result in a conviction based on the admission of guilt in the stipulation of evidence.[6]

In addition, the obligations the respondent incurred in the pretrial intervention program individually and cumulatively constitute a "form of punishment, penalty, or restraint on the alien's liberty" under section 101(a)(48)(A)(ii) of the Act. As part of his pretrial intervention agreement, the respondent entered into a pretrial intervention program administered by the CSCD. The program imposed numerous costs, conditions, and restrictions to which the respondent agreed in exchange for the prosecution's promise to dismiss the charges. *See In re D.R.R.*, 322 S.W.3d 771, 773 (Tex.

---

[6] In *Iqbal v. Bryson*, 604 F. Supp. 2d 822 (E.D. Va. 2009), the court held that the alien's entry into a pretrial diversion agreement under New York law did not constitute a conviction under section 101(a)(48)(A) of the Act. The court determined that "sufficient facts to warrant a finding of guilt" were not admitted where the language of the agreement stated only that the alien "accept[ed] responsibility for [his] behavior" but included "no other reference to the facts underlying the charges." *Id.* at 826. The court concluded that the "mere boilerplate language that appears to be used in all of New York's Pretrial Diversion Agreements is not case specific and thus cannot be deemed to recite sufficient facts to warrant a finding of guilt." *Id.* This case is distinguishable because the respondent's admission of guilt is tethered to the facts and offense elements charged in the indictment, as stated in the stipulation of evidence. Moreover, the respondent's stipulation of evidence includes a waiver of any opposition to its admission as evidence in the event that the pretrial intervention agreement is voided.

Ct. App. 2010). These include the imposition of periods of community supervision and community service, the community supervision and pretrial intervention program fees, the order of restitution, and the no-contact order. *See United States v. Hayes*, 32 F.3d 171, 172 (5th Cir. 1994) (stating that "[r]estitution is a criminal penalty"); *Matter of Cabrera*, 24 I&N Dec. 459, 460−62 (BIA 2008) (holding that the imposition of costs and surcharges in conjunction with a withheld adjudication under Florida law constitutes a "penalty" or "punishment" within the meaning of section 101(a)(48)(A)).

As previously noted, the Immigration Judge considered the program fees assessed pursuant to article 102.012 of the Texas Code of Criminal Procedure to be contract terms determined by the prosecutor, rather than a penalty "ordered" by the judge. However, since 2005, article 102.012 has required the court, as opposed to the CSCD, to order payment of the pretrial intervention program fees and expenses. Moreover, even prior to 2005, a defendant could only enter into a pretrial intervention agreement, and therefore a pretrial intervention program, with the court's authorization. *See Fisher*, 832 S.W.2d at 643−44. *See generally* Tex. Gov't Code Ann. § 76.002(a)(1) (West 2017) (providing that criminal court judges are required to "establish a community supervision and corrections department"). Because only a judge can authorize a pretrial intervention agreement, which in this case included community supervision and community service, restitution, and a no-contact order in addition to the imposition of fees, we conclude that the respondent's admission into a pretrial intervention program under Texas law is a "form of punishment, penalty, or restraint on the alien's liberty" that was "ordered" by a judge.

## III. CONCLUSION

Although the successful completion of a pretrial intervention agreement in Texas may not result in a conviction for purposes of State law, the respondent has nevertheless "admitted sufficient facts to warrant a finding of guilt," and the imposition of the mandated community supervision, community service, fees, restitution, and order of no contact with the co-defendant constitutes a "form of punishment, penalty, or restraint" on his liberty. For these reasons, the respondent's pretrial intervention agreement qualifies as a conviction for immigration purposes under section 101(a)(48)(A) of the Act. The Immigration Judge therefore erred in terminating the removal proceedings. Accordingly, the DHS's appeal will be sustained, the proceedings will be reinstated, and the record will be remanded. On remand the Immigration Judge should further determine whether the DHS has sufficiently established the respondent's removability

and, if necessary, allow him to apply for any relief from removal for which he may be eligible.

**ORDER:** The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.