

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-18-00064-CR |
| | § | |
| | § | Appeal from the |
| EX PARTE: JESUS AGUILAR. | § | |
| | § | 243rd District Court |
| | § | |
| | § | of El Paso County, Texas |
| | § | |
| | § | (TC# 970D04229-243-2) |
| | § | |

# **O P I N I O N**

In this appeal from a grant of Jesus Aguilar's second application for post-conviction habeas corpus relief, the State asserts that the trial court erred by considering grounds advanced in Aguilar's application that had either been subject to procedural default or else failed on the merits.

We reverse the judgment of the trial court and render judgment denying relief.

## BACKGROUND

Aguilar was indicted on one felony count of possessing less than a gram of a controlled substance (cocaine) on or about May 3, 1997. He pleaded guilty to the class-A misdemeanor crime of possession on January 15, 1999, and was placed on community supervision for two years. The trial court granted Aguilar's request for early termination of community supervision in February 2000.

Later, on May 28, 2014, Aguilar filed an Article 11.072 application for a post-conviction writ of habeas corpus. In his initial habeas application, Aguilar asserted that trial counsel rendered ineffective assistance by (1) failing to advise him of the immigration consequences of pleading guilty as required by *Padilla v. Kentucky,*[1] and (2) failing to file a motion to suppress the cocaine. The trial court granted habeas relief. This Court reversed, finding that the record did not support either claim and that Aguilar's guilty plea pre-dated the immigration consequence disclosure requirement imposed by *Padilla* in 2010. *Ex parte Aguilar*, No. 08-14-00204-CR, 2016 WL 921904, at *4-*6 (Tex.App.—El Paso Mar. 9, 2016, pet. ref'd)(not designated for publication)(*Aguilar I*).

Aguilar filed a subsequent application for a post-conviction writ of habeas corpus on October 30, 2017. In his subsequent writ application, Aguilar argued (1) his plea was involuntarily made because he did not understand that pleading guilty to receive a deferred adjudication dismissal would mean that he would still be considered a felon for federal immigration and sentencing enhancement purposes; and (2) the Texas deferred adjudication statute violates due process because Texas law states that a person who successfully completes deferred adjudication does not suffer the penalty of conviction, and yet a person who completes deferred adjudication may still be subject to additional penalties under federal law, meaning that the federal government is not giving full faith and credit to Texas law stating that he was not "convicted" under state law.

The trial court granted habeas relief. This State's appeal followed.

## DISCUSSION

In five issues, the State generally avers that all of the bases Aguilar advanced in support of his habeas application have either been procedurally defaulted or else fail on the merits. We will

---

[1] 559 U.S. 356 (2010)

take the State's issues out of order, addressing the ineffective assistance of counsel arguments first before turning to the due process arguments.

## A.

## Ineffective Assistance of Counsel

Aguilar advanced two separate ineffective assistance of counsel claims before the trial court: (1) ineffective assistance based on a failure to advise him about the adverse immigration consequences of entering a guilty plea to obtain deferred adjudication;[2] and (2) ineffective assistance based on a failure to advise him about the collateral consequence of potential federal sentencing enhancements should he be found guilty of a federal crime. The State contends that neither of these theories could have formed a basis for relief in this case. We agree.

### 1.

### *Failure to Advise of Immigration Consequences Pre-*Padilla

In Issue One, the State argues as a threshold matter that the trial court erred to the extent it relied on a *Padilla*-type ineffective assistance of counsel as a basis for relief, as Aguilar could have and did in fact raise a *Padilla* point in his initial habeas application, meaning that he is procedurally barred from raising that claim in a subsequent post-conviction habeas corpus application. We agree that this claim was procedurally barred.

*Subsequent Application Bar*

Article 11.072 establishes the habeas corpus procedures by which an applicant who is convicted of a crime and placed on community supervision can challenge the validity of either the conviction or the conditions of community supervision. TEX.CODE CRIM.PROC.ANN. art. 11.072,

---

[2] Although Aguilar frames his claim in terms of his plea being involuntary, the claim that a plea was not made voluntarily because the defendant did not understand the consequences of the plea is a variation of an ineffective assistance of counsel claim. As such, we will treat this ground as a claim for ineffective assistance of counsel.

3

§§ 1–2(b).  We review a trial court's decision on an Article 11.072 petition for abuse of discretion.  *Ex parte Salazar*, 510 S.W.3d 619, 625 (Tex.App.—El Paso 2016, pet. ref'd).

Article 11.072 also places restrictions on the filing of multiple writs of habeas corpus.  *Id*.  After a trial court considers and rejects an applicant's initial Article 11.072 habeas corpus application, the court may not consider further Article 11.072 applications unless the new application contains sufficient specific facts "establishing that the current claims and issues have not been and could not have been presented" in a previous application "because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application."  TEX.CODE CRIM.PROC.ANN. art. 11.072, § 9(a).  A legal basis is previously unavailable when, at the time of the previous application, it was "not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state[.]"  TEX.CODE CRIM.PROC.ANN. art. 11.072, § 9(b).  A factual basis is considered unavailable if it "was not ascertainable through the exercise of reasonable diligence on or before" the date of the previous application.  TEX.CODE CRIM.PROC.ANN. art. 11.072, § 9(c).  The rejection of an initial habeas corpus application is the trigger event for the Section 9 subsequent application restrictions.  *Ex parte Salazar*, 510 S.W.3d at 625.

*Analysis*

In the bulk of his brief defending the trial court's decision, Aguilar urges us to find that the subsequent application bar does not apply because, at the time of his initial application, the question of what constituted ineffective assistance post-*Padilla* was an open issue of first impression, and had he known that a guilty plea coupled with deferred adjudication would have resulted in a "conviction" rendering him deportable under federal immigration law, he would have

4

never pleaded guilty.

The problem with Aguilar's argument is that he already raised an identical *Padilla* claim in his first habeas application, and this Court in *Aguilar I* already rejected that claim, finding that case law was well-settled that *Padilla* did not apply retroactively and that prior to the *Padilla* decision in 2010, a criminal defense attorney did not have a constitutional duty to warn a client about the immigration consequences of pleading guilty. *See Aguilar I*, 2016 WL 9219904, at *4. This same issue was litigated nearly three years ago, and Aguilar does not otherwise state why the subsequent application bar should not apply to this claim. We find that failure to advise on the collateral immigration consequences of a guilty plea has been previously decided by this Court and could not have formed a proper ground for habeas relief.

Issue One is sustained.[3]

## 2.

### Failure to Advise of Collateral Consequence: Federal Sentencing Enhancement

In Issue Four, the State contends that the trial court could not have granted habeas relief under an ineffective assistance of counsel theory based off a failure to advise about any potential future federal sentencing enhancements because Aguilar's counsel did not have a constitutional duty to advise about collateral federal consequences. We agree.

*Standard of Review*

We review the merits of the trial court's habeas decision for abuse of discretion, taking the evidence in the light most favorable to the ruling, affording the trial court almost total deference with respect to findings of historical fact, and reviewing the application of law to fact de novo. *Ex parte Beck*, 541 S.W.3d 846, 852 (Tex.Crim.App. 2017); *Ex parte Carpio-Cruz*, No. 08-10-00240-

---

[3] We need not address the merits of Issue Five dealing with the merits of the *Padilla* claim because the subsequent application bar resolves the question of whether the trial court could have granted relief on Aguilar's *Padilla* claim.

CR, 2014 WL 5316988, at *2 (Tex.App.—El Paso Oct. 17, 2014, no pet.). To establish ineffective assistance of counsel, a habeas applicant must show (1) that defense counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability exists that, but for counsel's ineffectiveness, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). We strongly presume that counsel's conduct was not deficient. *Ex parte Carpio-Cruz*, 2014 WL 5316988, at *2. The applicant bears the burden of rebutting this presumption and showing ineffectiveness by a preponderance of the evidence. *Id.*

*Analysis*

Here, Aguilar's claim does not withstand scrutiny under the first prong of *Strickland*. Counsel generally does not have a constitutional duty to advise a defendant about the collateral consequences of a criminal conviction, including possible future punishment enhancements in federal court. *See Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex.Crim.App. 1997), *abrogated in part on other grounds as recognized by Taylor v. State*, 109 S.W.3d 443, 450 (Tex.Crim.App. 2003); *Crawford v. State*, 155 S.W.3d 612, 614 (Tex.App.—San Antonio 2004, pet. ref'd). Assuming without deciding that Aguilar's allegation is true, his lawyer's failure to advise him of potential federal consequences stemming from his guilty plea did not constitute ineffective assistance of counsel, as his lawyer did not have a duty to explain the potential federal sentence enhancing effects of Aguilar's plea. *Ex parte Morrow*, 952 S.W.2d at 536.

Issue Four is sustained.

**B.**

***Unconstitutionality of Deferred Adjudication Statute***

Finally, we turn to the due process grounds advanced in support of this habeas application. Aguilar asserted in the trial court that Texas' deferred adjudication statute violated due process

because even though it had the purported purpose of avoiding a record of conviction upon the completion of community supervision, the federal government nevertheless considered Aguilar's predicate guilty plea to be sufficient to establish a "conviction" for federal immigration purposes.

The State puts forward both a procedural and a substantive argument against Aguilar's claim that the deferred adjudication statute is unconstitutional. In Issue Two, the State maintains that review of the statute's constitutionality is foreclosed because Aguilar could have obtained review of this issue on direct appeal from his guilty plea, provided that the trial court first granted permission. *See Ex parte Beck*, 541 S.W.3d at 852 (complaints that could have been raised on direct appeal generally cannot be raised in a post-conviction habeas). In Issue Three, the State alternatively argues that Aguilar cannot succeed on the merits because he failed to show the deferred adjudication statute was unconstitutional.

We decline to address the question posed in Issue Two, because even if Aguilar was foreclosed from obtaining appellate review of this argument by virtue of the terms of his guilty plea such that his claim is cognizable in habeas proceedings, Aguilar's claim is without merit. The fact that the federal government may consider a guilty plea in state court to be an admission equivalent to a conviction for federal immigration purposes even though Texas' deferred adjudication statute allows a defendant who pleads guilty to essentially avoid obtaining a conviction for state purposes by successfully completing community supervision does not mean that Texas' deferred adjudication statute violates due process. Under the dual-sovereignty doctrine, both the state and the federal government may penalize the same conduct in different ways without violating the Due Process Clause of the federal Constitution. *Cf. Candelas v. State*, 91 S.W.3d 810, 813 (Tex.App.—El Paso 2002, no pet.)(the dual-sovereignty doctrine allows both the state and the federal governments to independently "seek redress" for infractions of their

7

respective laws). How the federal government chooses to characterize a defendant's course of conduct and actions in state court proceedings for federal purposes is an issue beyond this Court's control. Thus, while Aguilar's guilty plea coupled with completion of deferred adjudication may allow him to avoid state-level consequences, we cannot dictate to the federal government what constitutes a state law conviction for federal purposes. *Cf. Matter of Mohamed*, 27 I&N Dec. 92, 96-98 (B.I.A. 2017)(decision from the Board of Immigration Appeals in which the agency decided that a Texas pre-trial diversion agreement that resulted in dismissal of charges constituted a "conviction" for purposes of the Immigration and Nationality Act because it involved an admission of guilt and the imposition of a penalty by a judge; the Board noted that its interpretation of "whether or not a conviction exists for immigration purposes is a question of federal law and is not dependent on the vagaries of state law"). Aguilar's only recourse related to the federal government's purportedly improper characterization of state proceedings would be in federal court.

We sustain Issue Three and decline to address Issue Two as unnecessary to the resolution of this appeal.

## CONCLUSION

The State has shown that the grounds underpinning Aguilar's habeas application have either been procedurally default or are otherwise without merit. The judgment of the trial court is reversed. We render judgment denying Aguilar's application for habeas relief.


May 31, 2019

                                        YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

8