# Matter of Jonet DOMINGUEZ-RODRIGUEZ, Respondent

*Decided September 18, 2014*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

For purposes of section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2012), the phrase "a single offense involving possession for one's own use of thirty grams or less of marijuana" calls for a circumstance-specific inquiry into the character of the alien's unlawful conduct on a single occasion, not a categorical inquiry into the elements of a single statutory crime. *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), distinguished. *Matter of Davey*, 26 I&N Dec. 37 (BIA 2012), reaffirmed.

FOR RESPONDENT: Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY: Donald W. Cassidy, Associate Legal Advisor

AMICUS CURIAE: American Immigration Lawyers Association;[1] Federation for American Immigration Reform[2]

BEFORE: Board Panel: PAULEY, GUENDELSBERGER, and MALPHRUS, Board Members.

PAULEY, Board Member:

In a decision dated September 27, 2013, an Immigration Judge terminated the removal proceedings against the respondent. The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained, the proceedings will be reinstated, and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Cuba and a lawful permanent resident of the United States. On July 2, 2013, he was convicted of possessing more than 1 ounce of marijuana in violation of section 453.336

---

[1] Mark R. Barr, Russell Abrutyn, Vikram Badrinath, Joseph C. Hohenstein, and Rebecca Sharpless, Esquires
[2] Michael M. Hethmon, Esquire

of the Nevada Revised Statutes, which is a "category E felony." He was sentenced to an indeterminate term of imprisonment of between 19 and 48 months, which was suspended, and he was placed on probation. Based on that conviction, the DHS filed a notice to appear in Immigration Court charging the respondent with deportability under section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2012), which provides in pertinent part that "[a]ny alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance . . . , other than a single offense involving possession for one's own use of thirty grams or less of marijuana, is deportable."

Relying on *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013),[3] the Immigration Judge concluded that the respondent is not removable based on his determination that the minimum conduct punishable under section 453.336 of the Nevada Revised Statutes involved possession of 30 grams or less of marijuana for personal use.[4] Further, although the DHS sought to submit evidence to prove that the conduct underlying the respondent's conviction actually involved possession of more than 30 grams of marijuana, the Immigration Judge concluded that *Moncrieffe* forbade such a "circumstance-specific" inquiry and required termination of the proceedings unless the DHS could establish that the respondent was convicted of possessing more than 30 grams of marijuana by reference to documents included in the "record of conviction" under the "modified categorical approach," such as the judgment, charging document, or plea agreement. *See Shepard v. United States*, 544 U.S. 13, 26 (2005).

The DHS argues that the Immigration Judge's decision is contrary to *Matter of Davey*, 26 I&N Dec. 37 (BIA 2012), where we interpreted section 237(a)(2)(B)(i) of the Act and held that the statutory phrase "a single offense involving possession for one's own use of thirty grams or less of marijuana" calls for a circumstance-specific inquiry into the character of

---

[3]  The *Moncrieffe* Court held that possession with intent to distribute marijuana under Georgia law was not an aggravated felony because the "minimum conduct" covered by the pertinent Georgia statute involved distribution of a "small amount" of marijuana for "no remuneration," conduct that is punishable as a Federal misdemeanor under 21 U.S.C. § 841(b)(4) (2012). *See Moncrieffe v. Holder*, 133 S. Ct. at 1685–86, 1693−94. In arriving at that conclusion, the Court observed that "[t]he aggravated felony at issue here, 'illicit trafficking in a controlled substance,' is a 'generic crim[e].' So the categorical approach applies." *Id.* at 1685 (second alteration in original) (citation omitted).

[4]  As the Immigration Judge correctly observed, 1 ounce is equivalent to approximately 28.5 grams, and thus it is theoretically possible for an individual to be convicted of violating section 453.336 of the Nevada Revised Statutes by possessing "thirty grams or less" of marijuana.

the alien's unlawful conduct on a single occasion, not a categorical inquiry into the elements of a single statutory crime. *Id.* at 39−41 (citing *Nijhawan v. Holder*, 557 U.S. 29, 34 (2009)).

Although the DHS's position finds explicit support in *Matter of Davey*, which the Immigration Judge did not discuss in his decision, the Immigration Judge concluded that his contrary position was mandated by *Moncrieffe*, which would supersede contrary Board precedent. Given the respondent's pro se status and the complexity of the important legal issue at stake, we solicited amicus curiae briefing in which we asked amici for their views as to what impact, if any, *Moncrieffe* has on the continuing validity of *Matter of Davey*.[5]

## II. ANALYSIS

In *Matter of Davey*, we concluded that an Immigration Judge's inquiry regarding the applicability of the exception in section 237(a)(2)(B)(i) for "possession for personal use" was not subject to the evidentiary constraints of the categorical and modified categorical approaches. As we explained:

> The language of the section 237(a)(2)(B)(i) exception is exceedingly narrow and fact-specific. It refers not to a common generic crime but rather to a specific type of conduct (possession for one's own use) committed on a specific number of occasions (a "single" offense) and involving a specific quantity (30 grams or less) of a specific substance (marijuana). Read in its most natural sense, this narrow language calls for what the Supreme Court has referred to as a "circumstance-specific" inquiry, that is, an inquiry into the nature of the alien's conduct. *Nijhawan v. Holder*, 557 U.S. at 34. It does not suggest a focus on the formal elements of generic offenses.

*Id.* at 39; *see also Matter of Martinez Espinoza*, 25 I&N Dec. 118, 124 (BIA 2009) (holding that section 212(h) of the Act, 8 U.S.C. § 1182(h) (2012), which contains language similar to the "possession for personal use" exception in section 237(a)(2)(B)(i), invites a circumstance-specific inquiry, rather than a categorical one); *accord Popescu-Mateffy v. Holder*, 678 F.3d 612, 615−17 (8th Cir. 2012) (extending deference to *Martinez Espinoza* under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984)). We conclude that *Moncrieffe* does not cast doubt on the validity of this holding.

The applicability of the categorical approach depends on the language of the particular immigration provision at issue. Where the immigration

---

[5]  We acknowledge with appreciation the thoughtful arguments raised in the briefs submitted by amici curiae.

statute provides for the removal of an individual convicted of a "generic crime," it is undisputed that the DHS must establish that the elements of the individual's offense categorically correspond to the elements of the pertinent generic crime.  The immigration provision at issue in *Moncrieffe*—section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B) (2012)—was found to define such a "generic crime" because it incorporated by reference a criminal sentencing statute, 18 U.S.C. § 924(c) (2012), to which the categorical approach necessarily applies. *Moncrieffe v. Holder*, 133 S. Ct. at 1683, 1691.

The Supreme Court and the lower Federal courts have recognized, however, that the categorical approach is inapplicable in removal proceedings when the immigration provision under review "call[s] for a 'circumstance-specific approach' that allows for an examination, in immigration court, of the 'particular circumstances in which an offender committed the crime on a particular occasion.'" *Moncrieffe v. Holder*, 133 S. Ct. at 1691 (citation omitted); *see also Nijhawan v. Holder*, 557 U.S. at 38−40 (holding that the categorical approach does not apply to the determination whether a fraud offense caused a loss to victims of more than $10,000, which is required to support an aggravated felony charge under section 101(a)(43)(M)(i) of the Act); *Rojas v. Att'y Gen. of U.S.*, 728 F.3d 203, 215−16 (3d Cir. 2013) (en banc) (holding that the categorical approach does not apply to the determination whether an offense is one "relating to a controlled substance" under section 237(a)(2)(B)(i) of the Act); *Mellouli v. Holder*, 719 F.3d 995, 1001 (8th Cir. 2013) (distinguishing *Moncrieffe* and agreeing with *Matter of Davey* that the "possession for personal use" exception in section 237(a)(2)(B)(i) contemplates a circumstance-specific inquiry), *cert. granted on other grounds*, 134 S. Ct. 2873 (2014); *Varughese v. Holder*, 629 F.3d 272, 274−75 (2d Cir. 2010) (per curiam) (holding that the categorical approach does not apply to the determination whether the "amount of the funds" involved in a money-laundering offense exceeded $10,000, so as to support an aggravated felony charge under section 101(a)(43)(D) of the Act), *cert. denied*, 132 S. Ct. 496 (2011); *Bianco v. Holder*, 624 F.3d 265, 270−73 (5th Cir. 2010) (holding that the categorical approach does not apply to the determination whether the victim of a crime of violence had a qualifying "domestic" relationship to the offender, so as to support a "crime of domestic violence" removal charge under section 237(a)(2)(E)(i) of the Act).  For the reasons articulated in *Matter of Davey*, we remain convinced that the language of the "possession for personal use" exception most naturally invites a circumstance-specific inquiry, not a categorical one.

The American Immigration Lawyers Association ("AILA") argues that *Moncrieffe* has undermined our decision in *Matter of Davey* by establishing

a "presumption" that the categorical approach applies to the criminal grounds for removal.[6] Further, AILA contends that this presumption can be rebutted—so as to authorize a circumstance-specific inquiry of the sort permitted by *Nijhawan*—only if application of the categorical approach would render the language of the pertinent removal ground "meaningless."

We do not read *Moncrieffe* as having established such a presumption. In immigration cases, the applicability of the categorical approach necessarily depends on the legislative intent underlying the particular provision under review. *See Nijhawan v. Holder*, 557 U.S. at 40 ("We conclude that Congress did not intend [section 101(a)(43)(M)(i)'s] monetary threshold to be applied categorically . . . ."). To discern the intent of Congress, we look to the most natural meaning of the words it has chosen, viewed in context. Indeed, the *Moncrieffe* Court itself recognized that when specific limiting language is located in the text of "the [Immigration and Nationality Act] proper" (rather than in the text of a criminal statute that is incorporated into the Act by reference), this "suggests an intent to have the relevant facts found in immigration proceedings." *Moncrieffe v. Holder*, 133 S. Ct. at 1691. The language of the "possession for personal use" exception is located in the text of the Act "proper" and, by directing the adjudicator's attention to a set of very specific facts about an alien's crime, most naturally suggests that a circumstance-specific inquiry is contemplated.[7]

AILA also maintains that *Matter of Davey* runs afoul of *Moncrieffe* by permitting "minitrials" in removal proceedings with respect to issues that may not have been conclusively resolved during the underlying criminal proceedings. It also expresses concern that a noncategorical inquiry with respect to the "possession for personal use" exception might swallow up the categorical inquiry required for the threshold determination as to whether the offense is one "relating to a controlled substance."[8] But the

---

[6] The Federation for American Immigration Reform filed a brief arguing that *Moncrieffe* does not undermine the validity of our conclusion in *Matter of Davey*.

[7] If application of the categorical approach would render an immigration provision "meaningless," that would certainly be a strong indication that Congress contemplated a noncategorical inquiry. But we discern nothing in *Moncrieffe* to suggest that such a "meaninglessness" finding is a condition precedent to the application of the circumstance-specific approach discussed in *Nijhawan* and its progeny.

[8] Contrary to AILA's view, the United States Court of Appeals for the Third Circuit has held that the categorical approach does not apply to the determination whether an offense is one "relating to a controlled substance." *Rojas v. Att'y Gen. of U.S.*, 728 F.3d at 215−16. That specific issue is not disputed on appeal and we do not address it. However, nothing in our decision precludes the Immigration Judge and the parties from exploring it further on remand.

circumstance-specific inquiry contemplated by the "possession for personal use" exception does not invite Immigration Judges to redetermine an alien's criminal guilt or innocence. *See Matter of Martinez Espinoza*, 25 I&N Dec. at 125 (explaining that "removal proceedings are not a venue for the relitigation of criminal prosecutions"). If the fact of conviction is sufficient by itself to conclusively establish all facts relevant to prove the applicability of the "possession for personal use" exception, the Immigration Judge's inquiry is at an end, and the removal charge must be dismissed without resort to a circumstance-specific inquiry. *See id.*; *cf. Matter of Ahortalejo-Guzman*, 25 I&N Dec. 465 (BIA 2011) (holding that where the record of conviction conclusively showed that the respondent was not convicted of a family violence assault, examination of evidence outside the record was not permitted to show a familial relationship). However, in those instances where the applicability of the exception is not determinable by reference to the elements of the offense, it is true that Immigration Judges must ordinarily inquire into some of the factual circumstances surrounding the crimes, just as they do in the context of calculating the amount of loss to the victim under section 101(a)(43)(M)(i) of the Act in the wake of *Nijhawan*. Inquiries of that kind are by no means unusual in removal proceedings.[9]

Moreover, as with the $10,000 victim loss issue addressed in *Nijhawan*, the immigration statute requires the DHS to come forward with "clear and convincing evidence" that the respondent possessed more than 30 grams of marijuana (or that he possessed marijuana for some reason other than personal use). *See Matter of Davey*, 26 I&N Dec. at 41; 8 C.F.R. § 1240.8(a) (2014). It also contemplates the use of fundamentally fair procedures that give respondents a reasonable opportunity to dispute any DHS claim that the exception is inapplicable. *See Nijhawan v. Holder*, 557 U.S. at 41−42. Thus, "uncertainties caused by the passage of time are likely to count in the alien's favor." *Id.* at 42.

---

[9] With respect to removability determinations, Immigration Judges routinely engage in such fact-finding when deciding whether an alien's conduct gives the Attorney General "reason to believe" that the alien has been an illicit trafficker in a controlled substance, a human trafficker, or a money launderer. *See* sections 212(a)(2)(C), (H), (I) of the Act. Further, Immigration Judges are often called upon to examine the facts underlying a conviction to determine whether the alien is ineligible for asylum and withholding of removal as one convicted of a "particularly serious crime" or is subject to heightened discretionary requirements under section 212(h) of the Act by virtue of having committed a "violent or dangerous crime." *See* 8 C.F.R. § 1212.7(d) (2014). In fact, this type of fact-finding, in the context of removability, is often more straightforward and less burdensome to conduct than complex legal determinations regarding whether a crime is divisible or subject to the categorical or modified categorical approaches.

## III.  CONCLUSION

We conclude that the Immigration Judge erred in terminating the proceedings against the respondent.  Accordingly, the DHS's appeal will be sustained, the removal proceedings will be reinstated, and the record will be remanded to the Immigration Judge.  On remand, the DHS has the burden of proving by clear and convincing evidence that the respondent's offense does not fall within the "possession for personal use" exception in section 237(a)(2)(B)(i) of the Act.  In seeking to carry that burden, the DHS may proffer any evidence that is reliable and probative, but the respondent should be given a reasonable opportunity to challenge or rebut that evidence.

**ORDER:**  The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for entry of a new decision.