[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11442
Non-Argument Calendar
_____

Agency No. A073-789-753

RAVI SINGH,
a.k.a. Christopher Singh,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 5, 2017)

Before HULL, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ravi Singh petitions for review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").  On appeal, Singh does not challenge the denial of his claims for asylum, withholding of removal, and CAT relief.  Instead, Singh challenges the IJ's underlying determination that Singh is removable under the Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), for being convicted of a controlled substance offense. Specifically, Singh contends that his Florida conviction for possession of cannabis with intent to sell or deliver, in violation of Florida Statutes § 893.13(1)(a)(2), does not qualify as a violation of any state, federal, or foreign law "relating to a controlled substance," within the meaning of § 1227(a)(2)(B)(i).

The problem for Singh is that he did not raise this particular issue before the BIA or indeed any issue with respect to his removability under § 1227(a)(2)(B)(i), as the BIA itself pointed out.  This Court may review a final order of removal only if the alien has exhausted all administrative remedies available to him as a matter of right.  INA § 242(d)(1), 8 U.S.C. § 1252(d)(1).  The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA, even if the BIA considered it sua sponte.  Amaya-Artunduaga v. U.S. Att'y Gen.,

463 F.3d 1247, 1250 (11th Cir. 2006).  The exhaustion doctrine requires the petitioner to raise claims before the BIA to ensure it had a full opportunity to consider the petitioner's claims.  Id.  Because Singh failed to exhaust his administrative remedies as to his removability under § 1227(a)(2)(B)(i), we lack jurisdiction to consider his petition for review.

Singh points to INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), which strips courts of jurisdiction to review a final order of removal based on, inter alia, § 1227(a)(2)(B) except to the extent the petition for review raises constitutional claims or questions of law.  See INA § 242(a)(2)(C) & (D),8 U.S.C. § 1252(a)(2)(C) & (D).  Singh argues that because this Court always has jurisdiction to determine whether it has subject matter jurisdiction pursuant to § 1252(a)(2)(C), "the question of whether [Singh] is subject to removal in accordance with 8 U.S.C. § 1227(a)(2)(B)(i) is properly and squarely before the Court."

It is true, as Singh contends, that subject matter jurisdiction cannot be waived, and it is also true that this Court must inquire into its subject matter jurisdiction when it is in doubt.  See United States v. Cotton, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785 (2002); Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 956 (11th Cir. 2005).  However, it does not follow that this Court must reach the merits of Singh's appeal.  Even if we ordinarily would have jurisdiction to review

Singh's "relating to a controlled substance" argument, he still failed to exhaust that issue before the BIA. As noted above, the failure to exhaust a claim before the BIA is jurisdictional and precludes review of that claim in this Court. See Amaya-Artunduaga, 463 F.3d at 1249-50. Thus, even if Singh's arguments are not barred by § 1252(a)(2)(C) and (D), they are barred by § 1252(d)(1) for a lack of exhaustion.

We acknowledge that some constitutional challenges and due process claims do not require exhaustion—"where [a] claim is within the purview of the BIA which can provide a remedy, the exhaustion requirement applies with full force." Sundar v. INS, 328 F.3d 1320, 1325 (11th Cir. 2003) (concluding that the petitioner should have exhausted his due process challenge to the BIA's interpretation of an immigration statute before the BIA because the BIA had full authority to reconsider its previous decision interpreting the statute). The BIA has authority to review an IJ's decision in removal proceedings, including a decision related to § 1227(a)(2)(B)(i), and can reverse that decision if it so chooses. 8 C.F.R. § 1003.1(b)(3), (e)(5)-(6). In fact, the BIA has done so numerous times in the past. See, e.g., In re Dominguez-Rodriguez, 26 I. & N. Dec. 408, 409, 413-414 (B.I.A. 2014) (vacating an IJ's decision that the respondent's prior drug offense fell within the personal-use exception of § 1227(a)(2)(B)(i)); In re Zorilla-Vidal, 24 I. & N. Dec. 768, 768-69, 770 (B.I.A. 2009) (vacating an IJ's decision that

4

solicitation of cocaine delivery under Florida law is not an offense "relating to a controlled substance" under § 1227(a)(2)(B)(i)); In re Moncada-Servellon, 24 I. & N. Dec. 62, 67-68 (B.I.A. 2007) (vacating an IJ's decision that the respondent's California conviction for possession of marijuana in prison fell within the scope of the personal-use exception of § 1227(a)(2)(B)(i)). Similarly here, had Singh properly challenged before the BIA the IJ's ruling that he was removable for being convicted of an offense "relating to a controlled substance" under § 1227(a)(2)(B)(i), the BIA could have considered his argument and, if it had merit, reversed the IJ's decision. Singh declined to do so.

Because the BIA was able to provide the relief Singh sought, Singh was required to present his arguments about his removability under § 1227(a)(2)(B)(i) to the BIA in the first instance to ensure that the agency had a full opportunity to consider them. See Amaya-Artunduaga, 463 F.3d at 1249-50. Singh did not, so this Court lacks jurisdiction to review his petition for review.

**PETITION DENIED.**

5