# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60015

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2017

Lyle W. Cayce
Clerk

JORGE V. CALVILLO GARCIA,

Petitioner,

versus

JEFFERSON B. SESSIONS, III, U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals

Before SMITH, OWEN, and HIGGINSON, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

An immigration judge ("IJ") denied Jorge Calvillo Garcia's application for cancellation of removal. The Board of Immigration Appeals ("BIA") affirmed. Calvillo Garcia claims that the BIA misconstrued the relevant sections of the Immigration and Nationality Act ("INA"). Because we agree with the BIA's construction, we deny Calvillo Garcia's petition for review.

## I.

The Attorney General may cancel removal of a permanent resident alien who (1) has been lawfully admitted for permanent residence for at least five

years, (2) has resided in the United States for at least seven years after having been admitted in any status, and (3) has not been convicted of an aggravated felony. *See* 8 U.S.C. § 1229b(a). The INA defines "aggravated felony" to include "a crime of violence . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). A term of imprisonment "include[s] the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." § 1101(a)(48)(B). "[A]n indeterminate sentence is to be considered a sentence for the maximum term imposed." *Pichardo v. INS*, 104 F.3d 756, 759 (5th Cir. 1997). An alien may apply for cancellation of removal to the IJ overseeing his removal proceedings. *See* 8 C.F.R. § 1240.11(a)(1).

Calvillo Garcia, a native and citizen of Mexico, was admitted to the United States as a lawful permanent resident in 1997. In 2008, he was convicted of possessing marihuana in violation of Section 481.121(b)(1) of the Texas Health and Safety Code. In 2009, he pleaded guilty of aggravated assault in violation of Section 22.02(a)(2) of the Texas Penal Code and was sentenced to five years of deferred-adjudication community supervision. As a condition of that sentence, he was ordered to "serve an indeterminate term of confinement and treatment of not more than one (1) year or less than 180 days in a substance abuse treatment facility operated by the Texas Department of Criminal Justice . . . and obey all rules and regulations of the facility."

In early 2015, the Department of Homeland Security commenced removal proceedings against Calvillo Garcia and charged him with inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(I) and (II) as an alien who has been convicted of a crime involving moral turpitude and as an alien who has been convicted of a controlled-substance violation. Calvillo Garcia admitted to being removable as an alien convicted of a controlled-substance violation but denied

No. 16-60015

being removable as an alien convicted of a crime involving moral turpitude. He applied for cancellation of removal under Section 1229b(a). The IJ rejected his application and ordered his removal, explaining that he was ineligible for relief because he had been convicted of aggravated assault, an aggravated felony per Section 1101(a)(43)(F).

Calvillo Garcia appealed to the BIA, claiming that he had not been convicted of an aggravated felony. The BIA noted that the only issue on appeal was whether his sentence of up to one year in a substance-abuse felony punishment facility ("SAFPF") constituted a "term of imprisonment" under Section 1101(a)(48)(B). The BIA found that it did and issued a precedential opinion dismissing the appeal.

## II.

Although we generally review its legal conclusions *de novo*,[1] "the BIA is entitled to *Chevron* deference[2] when it interprets a statutory provision of the INA and gives the statute 'concrete meaning through a process of case-by-case adjudication,'" so long as the BIA's opinion is precedential.[3] Under *Chevron*, courts afford agency interpretations of statutes "controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute" or Congress has "unambiguously expressed" a contrary intent.[4]

On appeal, Calvillo Garcia advances two theories. First, he claims that he was not "convicted" of aggravated assault within the meaning of Section

---

[1] *See Ali v. Lynch*, 814 F.3d 306, 309 (5th Cir. 2016).

[2] *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843–44 (1984).

[3] *Ali*, 814 F.3d at 309–10 (quoting *INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999)).

[4] *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (internal quotation marks and citation omitted).

No. 16-60015

1229b(a) because the adjudication of his case was deferred and he was sentenced to community supervision. We lack jurisdiction to consider this issue, because it was not raised before the BIA.[5] If we were to address it, however, we would recognize that a Texas deferred adjudication constitutes a conviction.[6]

Calvillo Garcia's second theory is that the BIA erred in finding that a sentence of up to one year in a SAFPF as a condition of community supervision constitutes a "term of imprisonment." When a court puts a defendant directly on community supervision, it has not imposed a term of imprisonment under Section 1103(a)(43)(F) and (48)(B).[7] But we have never addressed whether confinement to a SAFPF as a condition of community supervision qualifies as a term of imprisonment under the INA.[8]

We agree with the BIA. Its opinion is consistent with the plain meaning of Section 1101(a)(48)(B), which defines "term of imprisonment" to include a "period of incarceration *or confinement* ordered by a court." § 1101(a)(48)(B) (emphasis added).[9] Calvillo Garcia was confined by court order: He was required to remain in a SAFPF until he received permission to leave. In fact,

---

[5] *See Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001) (stating that "an alien's failure to exhaust his administrative remedies serves as a jurisdictional bar to our consideration of the issue.").

[6] *See, e.g., United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009) ("Federal law counts Texas's deferred adjudication probation as a conviction.").

[7] *See, e.g., Mondragon-Santiago*, 564 F.3d at 368–69; *United States v. Banda-Zamora*, 178 F.3d 728, 730 (5th Cir. 1999).

[8] We have, however, held that confinement in a drug treatment facility constitutes "imprisonment" under the Sentencing Guidelines. *See, e.g., United States v. Mendez*, 560 F. App'x 262, 264–65 (5th Cir. 2014) (per curiam); *United States v. Chavez*, 476 F. App'x 786, 789 (5th Cir. 2012) (per curiam).

[9] *See Ilchuk v. Att'y Gen. of U.S.*, 434 F.3d 618, 623 (3d Cir. 2006) ("[T]he statute's disjunctive phrasing . . . suggests that [C]ongress intended for 'imprisonment' to cover more than just time spent in jail.").

4

No. 16-60015

the SAFPF system exists to "confine and treat" individuals. TEX. GOV'T CODE § 493.009(a). Though Calvillo Garcia's confinement was a condition of community supervision, that is irrelevant. As the Eighth Circuit explained in a case with similar facts, "nothing in the statutory text . . . indicate[s] that Congress intended to exclude periods of incarceration ordered as a condition of probation from the definition of 'term of imprisonment.'"[10]

This case is distinguishable from *Mondragon-Santiago*, 564 F.3d at 368, in which the defendant had been sentenced to probation without an accompanying term of imprisonment. Here, the sentencing court imposed a term of imprisonment as a condition of Calvillo Garcia's community supervision.

Likewise, *United States v. Landeros-Arreola*, 260 F.3d 407 (5th Cir. 2001), is distinguishable. There, the sentence was reduced from four years to probation under a Colorado statute that allows courts to reduce the sentences of defendants who successfully complete a prisoner rehabilitation program. *Id.* at 411–14. But we were careful to explain that the sentence had been "reduced" such that "nothing remained of the original term of imprisonment for the court to suspend." *Id.* at 414. Calvillo Garcia's sentence was not reduced, so *Landeros-Arreola* has no bearing on his case.

Because Calvillo Garcia was sentenced to a "term of imprisonment of at least one year," the BIA did not err in determining that his aggravated-assault conviction was an aggravated felony that made him ineligible for cancellation of removal.[11] The petition for review is DENIED.

---

[10] *Hernandez v. Holder*, 760 F.3d 855, 860 (8th Cir. 2014). In *Hernandez*, *id.* at 857, an alien who had been sentenced to three years of probation, with the condition that he serve the first year in jail, sought to cancel his removal.

[11] We need not consider whether the BIA's interpretation of "term of imprisonment" is entitled to *Chevron* deference.