Audrey Ivy GRANT, Petitioner

v.

Jefferson B. SESSIONS, III,
U.S. Attorney General,
Respondent

No. 17-60267
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed March 6, 2018

Brian Keith Bates, Esq., Reina & Bates Immigration & Nationality Lawyers, Houston, TX, for Petitioner

Lindsay M. Corliss, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM: *

Audrey Ivy Grant, a native and citizen of Ghana, petitions this court for review of the order of the Board of Immigration Appeals (BIA) dismissing her appeal from a denial by an immigration judge (IJ) of her request for a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h)(1)(B). She contends that the agency wrongly found her to be not credible on matters relating to her place of birth, her entry into the United States, her Texas conviction for securing a document by deception, and her children's attempts to contact her estranged husband. Grant argues that her testimony was plausible; that she explained any discrepancies; that the differences in the testimony and evidence were minor; and that she should not be penalized for repeating a story about her place of birth, which she could not have known personally. Although the IJ also denied Grant's application for cancellation of removal, she concedes that she did not challenge that ruling before the BIA and thus did not exhaust remedies. *See Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009).

The jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(B)(i) provide that "no court shall have jurisdiction to review" the Attorney General's discretionary decision to deny § 1182(h) relief. *See Cabral v. Holder*, 632 F.3d 886, 889 (5th Cir. 2011); *Martinez v. Mukasey*, 519 F.3d 532, 541 (5th Cir. 2008). Despite this, we may consider legal or constitutional challenges to the denial of relief. § 1252(a)(2)(D); *Martinez*, 519 F.3d at 541. This principle does not provide Grant any succor because her challenge to the BIA's denial of relief raises factual questions. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). Accordingly, we lack jurisdiction to consider Grant's petition for review, and it is DISMISSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.