# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60139

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2019

Lyle W. Cayce
Clerk

AUDREY IVY GRANT,

> Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

> Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A075 887 004

Before HAYNES, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Audrey Ivy Grant, a lawful permanent resident, challenges the Board of Immigration Appeals' ("BIA") decision denying her motion to reopen removal proceedings. Grant argues that her attorney was ineffective for conceding before the Immigration Judge ("IJ") that her prior state conviction was a crime involving moral turpitude ("CIMT") under 8 U.S.C. § 1182(a)(2)(A)(i)(I)[1] that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Section 1182(a)(2)(A)(i)(I) reads, in relevant part, "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential

## No. 18-60139

was not eligible for the CIMT "petty offense" exception.[2]  Because Grant was ineligible for the petty offense exception, Grant fails to show that her counsel was ineffective or that the BIA abused its discretion in denying her motion. Accordingly, Grant's petition for review is DENIED.

## I.

In 2004, Grant pleaded guilty to securing the execution of a document by deception, in violation of Tex. Penal Code § 32.46(a)(1).[3]  In Grant's case, the offense was a state jail felony[4] with a maximum penalty of two years' confinement in a state jail.  She was sentenced to, *inter alia*, three years' deferred adjudication and placed on community supervision for three years.

In 2012, upon returning to the United States from a trip to Ghana, Grant was stopped at the Atlanta airport and charged with inadmissibility for having been convicted of a CIMT based on her prior Texas conviction.

During her removal proceedings before an IJ, Grant's former counsel conceded that her Texas conviction was a CIMT and that her conviction did not fall within the petty offense exception.  The attorney then filed an application

---

elements of-- a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime . . . is inadmissible."

[2] An alien is eligible for the petty offense exception if:

the maximum penalty possible for the crime of which the alien was convicted (or which the alien admits having committed or of which the acts that the alien admits having committed constituted the essential elements) did not exceed imprisonment for one year and, if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months (regardless of the extent to which the sentence was ultimately executed).

*Id.* at § 1182(a)(2)(A)(ii)(II).

[3] A person violates § 32.46(a)(1) if, "with intent to defraud or harm any person, he, by deception," "causes another to sign or execute any document affecting property or service or the pecuniary interest of any person."

[4] "[An] individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days." Tex. Penal Code § 12.35(a).

on Grant's behalf for a waiver of inadmissibility.[5]   The IJ denied the application and ordered Grant's removal based on the inadmissibility charge because she had been convicted of a CIMT.

Grant appealed the IJ's decision to the BIA.  The BIA affirmed the IJ's finding of inadmissibility and denial of her inadmissibility waiver.  Grant appealed the BIA's decision to this court in Case No. 17-60267, and this court dismissed Grant's appeal for lack of jurisdiction.  *See Grant v. Sessions*, 713 F. App'x 417 (5th Cir. 2018).[6]

In 2017, while Grant's petition in Case No. 17-60267 was pending before this court, Grant, represented by new counsel, moved to reopen the BIA proceedings "to revisit the determination of inadmissibility . . . ."  In her motion to reopen, Grant argued that her former counsel had rendered ineffective assistance by failing to challenge the IJ's conclusion that she was inadmissible based on her prior offense because her prior offense fell within the CIMT petty offense exception.  She argued that since she received deferred adjudication, her "maximum possible penalty" fell within the petty offense exception's limit.  Therefore, she argued, the offense was a "petty offense," and she was not inadmissible or removable as charged.

The BIA denied Grant's motion to reopen.  The BIA concluded that Grant failed to establish that her former attorney's conduct was deficient or that she was prejudiced by him not raising her petty offense argument.  The BIA found that:

> [a]t the time of [Grant's] conviction, deferred
> adjudication in Texas was a mechanism within the

---

[5] Under 8 U.S.C. § 1182(h)(1)(B), the Attorney General has the authority and discretion to waive an alien's inadmissibility if the Attorney General believes that the "alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien."

[6] The arguments previously before the court in Case No. 17-60267 are not relevant for purposes of this appeal.

No. 18-60139

discretion of the trial judge, who could order a deferral of adjudication and "community supervision" as an alternative to incarceration in some cases. Texas Code of Criminal Procedure § 42.12 (2004); *see also Madriz-Alvarado v. Ashcroft*, 383 F.3d 321 (5th Cir. 2004); *Matter of Mohamed*, 27 I&N Dec. 92 (BIA 2017) (addressing Texas pretrial intervention agreements). However, the use of deferred adjudication was not mandatory, and a criminal trial judge retained the discretion to impose the maximum sentence authorized by law. In this case, the maximum possible sentence which [Grant] could have received was two years of incarceration. Texas Penal Code § 12.35.

Grant filed a timely petition for review.

II.

"We review the denial of a motion to reopen under a highly deferential abuse-of-discretion standard." *Ramos-Portillo v. Barr*, 919 F.3d 955, 958 (5th Cir. 2019) (citation omitted). The BIA's decision should be upheld unless the decision is "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.* (quoting *Penalva v. Sessions*, 884 F.3d 521, 523 (5th Cir. 2018)).

The BIA's legal conclusions are reviewed *de novo* "unless a conclusion embodies the [BIA's] interpretation of an ambiguous provision of a statute that it administers; [such] conclusion . . . is entitled to the deference prescribed by [*Chevron*]." *Id.* (quoting *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006)). "In reviewing the BIA's legal conclusions, if the text of the statute is clear, 'that is the end of the matter; for the court, as well as the [BIA], must give effect to the unambiguously expressed intent of Congress.'" *Id.* at 958–59 (quoting *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984)).

No. 18-60139

"[The] BIA's factual findings [are reviewed] under the substantial-evidence standard, which means that we cannot reverse the BIA's factual determinations unless the evidence 'compels a contrary conclusion.'" *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018) (quoting *Gomez–Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009)).

### III.

Grant argues that she received ineffective assistance of counsel in her removal proceedings and that the BIA abused its discretion in denying her motion to reopen based on that ineffective assistance.

To prevail on a motion to reopen based on an ineffective assistance of counsel claim, Grant must show: "(1) that [her] counsel was constitutionally deficient[,] and (2) that [she] is prejudiced thereby, i.e., 'that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Diaz v. Sessions*, 894 F.3d 222, 228 (5th Cir. 2018) (quoting *Strickland v. Washington*, 466 U.S. 668, 691, 694, (1984)); *see Matter of Lozada,* 19 I & N Dec. 637 (BIA 1988).

Grant argues that her former attorney's concession that her conviction was not a petty offense rendered him constitutionally deficient and prejudiced her case because she was not inadmissible and did not require a waiver of inadmissibility. Because Grant is ineligible for the petty offense exception, Grant's argument fails.

Under § 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I), an alien convicted of a CIMT is inadmissible. However, this section does not apply to an alien eligible for the petty offense exception. An alien is eligible for the exception if she committed only one crime and:

> **the maximum penalty possible for the crime** of
> which the alien was convicted (or which the alien

5

admits having committed or of which the acts that the alien admits having committed constituted the essential elements) **did not exceed imprisonment for one year and, if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months (regardless of the extent to which the sentence was ultimately executed**).

*Id.* at § 1182(a)(2)(A)(ii)(II) (emphasis added).

Grant pleaded guilty to a state jail felony. The maximum penalty possible for that crime was two years, not one. Because "the text of the statute is clear, that is the end of the matter." *Ramos-Portillo*, 919 F.3d at 958 (quotation omitted).

Nonetheless, Grant argues that her offense fell within the petty offense exception because she received deferred adjudication. Grant does not dispute that a deferred adjudication is a conviction under immigration law. She does not dispute that she pleaded guilty to a violation of Tex. Penal Code § 32.46(a)(1) where the statutory maximum penalty is two years. She also does not dispute that the "maximum penalty possible" under the petty offense exception is the statutory maximum. Instead, Grant argues that her deferred adjudication *is* her conviction and deferred adjudication has no statutory maximum term of imprisonment under Texas Law. Therefore, she contends, she had *no* statutory maximum, so she is eligible for the petty offense exception. Put another way, Grant argues that she was eligible for the exception because deferred adjudication has "no sentence."

Under federal immigration law, "[any] reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence

in whole or in part." 8 U.S.C. § 1101(a)(48)(B). "Under Texas law, a judge *may* enter a deferred adjudication [to an offense] 'after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt.'" *Moosa v. I.N.S.*, 171 F.3d 994, 1005 (5th Cir. 1999) (quoting Tex. Code Crim. P. Art. 42.12 § 5(a)) (emphasis added).

In *Moosa*, the alien challenged the BIA's decision denying his request for suspension of deportation. He argued that the definition of "conviction" under immigration law did not apply to his deferred adjudication because there could be no "sentence" for a deferred adjudication under Texas law. *Id.* at 1007. We found that Moosa erred in using Texas law to interpret the meaning of "sentence" in the federal immigration statute because "[i]n the absence of a plain indication to the contrary, . . . it is to be assumed when Congress enacts a statute that it does not intend to make its application dependent on state law." *Id.* at 1008 (quoting *NLRB v. Natural Gas Utility Dist.*, 402 U.S. 600, 603 (1971)). We noted that "[although] not controlling, our court has found Texas deferred adjudications to be 'sentences' under the federal Sentencing Guidelines." *Id.* (citing *United States v. Valdez–Valdez*, 143 F.3d 196, 201 (5th Cir. 1998); *United States v. Giraldo–Lara*, 919 F.2d 19, 22 (5th Cir. 1990)).

Grant argues that she was eligible for the petty offense exception because deferred adjudication has "no sentence." However, Grant errs in using Texas law to interpret the meaning of "sentence" in the immigration statute. *See Moosa*, 171 F.3d at 1007. Based on the plain language of the petty offense exception, there is no indication that Congress intended the exception's application to be dependent on state law. This court has found that "sentence," as defined by immigration law, includes confinement by court order. *Calvillo Garcia v. Sessions*, 870 F.3d 341, 344 (5th Cir. 2017). Grant was confined by a court order when she was sentenced to deferred adjudication as a condition of community supervision.

No. 18-60139

Of significant note, deferred adjudication was her *actual* sentence and was not her maximum sentence possible. Unlike other provisions of the Immigration Act that depend on an alien's *actual* sentence, the petty offense exception applies "regardless of the extent to which the sentence was ultimately executed." 8 U.S.C. § 1182(a)(2)(A)(ii)(II).

Grant's other arguments in support of her position are unpersuasive. Grant argues that if she had been sentenced under another state criminal statute, "she probably would not have been placed in removal proceedings at the Atlanta airport." However, it is clear that Grant was sentenced under Tex. Penal Code § 32.46(a)(1), a state jail felony with a maximum possible sentence of two years.

Grant then attempts to analogize her offense with offenses under California's "wobbler" statutes. In California, the state can treat a conviction under a wobbler statute as either a felony or as a misdemeanor. *See Ceron v. Holder*, 747 F.3d 773, 777 (9th Cir. 2014). The maximum penalty of a misdemeanor may differ from the maximum penalty of a felony. However, those offenses are distinguishable from Grant's offense because Grant pleaded guilty to a state jail felony where the statutory maximum was set at two years.

Grant's actual sentence was deferred adjudication, but deferred adjudication was not the maximum penalty possible for the crime. As the BIA correctly noted, deferred adjudication in Texas is simply an alternative to sentencing someone to incarceration. Despite receiving deferred adjudication, Grant's maximum sentence possible was two years of incarceration. Therefore, Grant was ineligible for the petty offense exception, and she has failed to demonstrate that her former counsel rendered ineffective assistance by conceding that Grant was ineligible for the exception.

IV.

For the foregoing reasons, Grant's petition for review is DENIED.